## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| RENEWABLE ENERGY GROUP, INC., | : **SECURITIES EXCHANGE ACT OF 1934** |
| JEFFREY STROBURG, RANDOLPH L. | : |
| HOWARD, CYNTHIA WARNER, | : |
| WALTER BERGER, JAMES C. BOREL, | : |
| DELBERT CHRISTENSEN, DEBORA M. | : |
| FRODL, DYLAN GLENN, PETER J.M. | : |
| HARDING, NIHARIKA TASKAR | : |
| RAMDEV, and CHRISTOPHER D. | : |
| SORRELLS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On February 28, 2022, Renewable Energy Group, Inc. ("REG" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Chevron Corporation ("Chevron") and Cyclone Merger Sub Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, REG's stockholders will receive $61.50 in cash per share.

3. On March 23, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of REG common stock. Plaintiff resides in this District.

9. Defendant REG is a Delaware corporation. REG's common stock is traded on the NASDAQ under the ticker symbol "REG."

10. Defendant Jeffrey Stroburg is Chairman of the Board of Directors of REG (the "Board").

11. Defendant Cynthia Warner is President, Chief Executive Officer, and a member of

the Board.

12. Defendant Randolph L. Howard is a member of the Board.

13. Defendant Walter Berger is a member of the Board.

14. Defendant James C. Borel is a member of the Board.

15. Defendant Delbert Christensen is a member of the Board.

16. Defendant Debora M. Frodl is a member of the Board.

17. Defendant Dylan Glenn is a member of the Board.

18. Defendant Peter J. M. Harding is a member of the Board.

19. Defendant Nikharika Taskar Ramdev is a member of the Board.

20. Defendant Christopher D. Sorrells is a member of the Board.

21. Defendants identified in ¶¶ 10-20 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22. REG is leading the energy and transportation industries' transition to sustainability by converting renewable resources into high-quality, sustainable fuels.

23. On February 27, 2022, REG entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

Chevron Corporation (NYSE: CVX) and Renewable Energy Group, Inc. (NASDAQ: REGI) ("REG") announced today a definitive agreement under which Chevron will acquire the outstanding shares of REG in an all-cash transaction valued at $3.15 billion, or $61.50 per share.

The acquisition combines REG's growing renewable fuels production and leading feedstock capabilities with Chevron's large manufacturing, distribution and commercial marketing position.

"REG was a founder of the renewable fuels industry and has been a leading innovator ever since," said Chevron Chairman and CEO Mike Wirth. "Together, we can grow more quickly and efficiently than either could on its own."

The transaction is expected to accelerate progress toward Chevron's goal to grow renewable fuels production capacity to 100,000 barrels per day by 2030 and brings additional feedstock supplies and pre-treatment facilities. After closing of the acquisition, Chevron's renewable fuels business, Renewable Fuels—REG, will be headquartered in Ames, Iowa. In addition, CJ Warner is expected to join Chevron's Board of Directors.

"This transaction delivers premium cash value to shareholders and will give us additional resources as we aim to accelerate growth and strengthen our collective ability to deliver the sustainable fuels our customers and the world need," said CJ Warner, REG President & CEO. "Our employees' hard work and dedication have built a fantastic renewable fuels company and made this transaction possible. We look forward to joining Chevron's team."

The transaction is expected to be accretive to Chevron earnings in the first year after closing and accretive to free cash flow after start-up of REG's Geismar expansion.

**Transaction Details**

The acquisition consideration is 100 percent cash. Total enterprise value of $2.75 billion includes a net cash position around $400 million greater than debt.

The transaction has been approved by the Boards of Directors of both companies and is expected to close in the second half of 2022. The acquisition is subject to REG shareholder approval. It is also subject to regulatory approvals and other customary closing conditions.

The transaction price represents a premium of around 57% on a 30-day average based on closing stock prices on February 25, 2022.

**Advisors**

Goldman Sachs & Co. LLC is acting as financial advisor to Chevron. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor to Chevron. Guggenheim Securities, LLC is acting as financial advisor and Latham & Watkins LLP is acting as legal advisor to REG.

25.     On March 23, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

26.     The Proxy fails to disclose material information regarding REG's financial projections, specifically: the line items underlying the financial projections.

4

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Financial Analyses

28. The Proxy fails to disclose material information regarding the financial analyses conducted by Guggenheim Securities, LLC ("Guggenheim"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Regarding Guggenheim's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Guggenheim; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Guggenheim.

30. Regarding Guggenheim's Selected Precedent Merger and Acquisition Transactions Analysis, the Proxy fails to disclose: (i) the closing date for each transaction utilized by Guggenheim; and (ii) the total value of each transaction utilized by Guggenheim.

31. Regarding Guggenheim's Premiums Paid in Selected Precedent Merger and Acquisition Transactions analysis, the Proxy fails to disclose: (i) the transactions utilized by Guggenheim; and (ii) the premiums paid in the transactions utilized by Guggenheim.

32. Regarding Guggenheim's Wall Street Equity Research Analyst Stock Price Targets analysis, the Proxy fails to disclose: (i) the price targets utilized by Guggenheim; and (ii) the sources of the price targets utilized by Guggenheim.

## COUNT I

**Claim Against the Individual Defendants and REG for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35. REG is liable as the issuer of these statements.

36. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of REG within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45. Due to their positions as officers and/or directors of REG and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

49. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 1, 2022            **GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*